NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-259

HONEY DEW ASSOCIATES, INC.

vs.

JOHN F. KENNEDY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, John F. Kennedy, appeals from a final judgment of the Norfolk Superior Court awarding the plaintiff, Honey Dew Associates, Inc. (Honey Dew), the sum of $83,027 on its breach of contract claim.  The judgment resulted from the allowance of Honey Dew's motion for summary judgment, which was based on its claim that Kennedy violated his franchise agreement with Honey Dew by abandoning his donut shop without Honey Dew's written permission.  Kennedy's argument on appeal, as it was in his opposition to the motion for summary judgment in the Superior Court, is that he did not "abandon" his donut shop but instead that it was impossible for him to open and operate the donut shop because he could not comply with the Governor's

COVID-19 Order No. 33 (reopening order).[1]  A Superior Court judge

allowed Honey Dew's motion for summary judgment and awarded

Honey Dew liquidated damages.  Kennedy appealed.  We conclude

that there are material facts in dispute, and therefore we

vacate the summary judgment and remand to the Superior Court for

further proceedings.

Background.  Because this appeal relates to the grant of

summary judgment, we discuss the facts necessary to decide the

issues in the light most favorable to the nonmoving party,

Kennedy.  See Bulwer v. Mount Auburn Hosp., 473 Mass. 672, 680

(2016).

Kennedy and Honey Dew executed a franchise agreement that

was in existence during the applicable time frame.  Under the

agreement, Kennedy was to pay Honey Dew weekly royalties.  Honey

Dew could terminate the agreement if Kennedy abandoned the

premises by failing to open for business without prior written

consent of Honey Dew.  Under such circumstances, Kennedy would

have to pay Honey Dew liquidated damages.  On the record before

us, the agreement did not contain a force-majeure clause.[2]

---

[1] See Office of the Governor, Order Implementing a Phased
Reopening of Workplaces and Imposing Workplace Safety Measures
to Address COVID-19, COVID-19 Order No. 33 (May 18, 2020).
[2] A force-majeure clause is "[a] contractual provision allocating
the risk of loss if performance becomes impossible or
impracticable, esp[ecially] as a result of an event or effect
that the parties could not have anticipated or controlled."
Black's Law Dictionary 788 (11th ed. 2019).

On March 10, 2020, the Governor declared a state of emergency due to the COVID-19 pandemic, and until June 2020, he issued executive orders causing many businesses to shut down. See Committee for Pub. Counsel Servs. v. Chief Justice of the Trial Court (No. 1), 484 Mass. 431, 433-434, S.C., 484 Mass. 1029 (2020); Office of the Governor, Order Assuring Continued Operation of Essential Services in the Commonwealth, Closing Certain Workplaces, and Prohibiting Gatherings of More Than 10 People, COVID-19 Order No. 13 (Mar. 23, 2020) (COVID-19 Order No. 13). In late March 2020, Kennedy closed his donut shop. Honey Dew took no action pursuant to the franchise agreement with respect to closure at that time.

On May 18, 2020, the Governor issued the reopening order, which modified the restrictions of COVID-19 Order No. 13 and implemented a phased reopening of brick-and-mortar businesses. Page two of the reopening order stated in pertinent part that businesses operating brick-and-mortar premises "may open those premises to workers, customers, and the public provided they comply with all workplace safety rules and standards issued or maintained pursuant to Section 2 and all other terms of this Order." Section 2 in pertinent part stated, "brick-and-mortar premises must immediately adopt and maintain the following general applicable COVID-19 workplace safety rules." With respect to social distancing, Section 2 listed four bullet

3

points, the first two of which were: "All persons, including employees, customers, and vendors should remain at least six feet apart to the greatest extent possible, both inside and outside workplaces;" and "Establish protocols to ensure that employees can practice adequate social distancing."

On June 19, 2020, Honey Dew sent a letter to Kennedy asking Kennedy to identify his intended reopening date. Hearing no response, on June 30, 2020, Honey Dew visited the location of the donut shop and found it closed, with all Honey Dew marketing materials removed from the windows and a "for rent" sign displayed. The next day, Honey Dew sent Kennedy a notice of termination asserting that Kennedy had abandoned the premises by failing to reopen without Honey Dew's prior written consent.

Honey Dew filed an action in the Superior Court and moved for summary judgment. In the consolidated statement of material facts submitted by the parties, Honey Dew took the position that as of July 1, 2020, there was "no governmental Covid Order or Regulation which mandated that the defendant's Wakefield Shop remain closed." Kennedy denied this statement and stated that he "was prevented from opening the store due to Governor Charlie Baker's COVID-19 Orders. See Affidavit of John Kennedy." In opposition to the motion for summary judgment, Kennedy argued that the reopening order mandated that, "for employees at least, businesses 'establish protocols to ensure that employees can

4

practice social distancing.' Exhibit c-4, p.6. The determination of what is adequate social distancing or whether the business could conduct social distancing to any extent is a question of fact." Kennedy's affidavit accompanying the opposition stated,

> "Considering the layout of the store [and] the limited useable areas . . . it was entirely impossible to social distance or to monitor or enforce social distancing, especially as customers were entering or leaving the premises or using the restroom facilities. . . . The shop did not have separate work areas for each individual employee. For the store to function properly employees had to share registers, counter areas, coffee machines, which made social distancing unmanageable and impossible . . . the employees would be required to use the same coffee machine area and would be within inches of one another. . . . Given the small nature of the store, it would have been impossible to attract customers who were trying to observe social distancing or to retain or hire employees."

In allowing Honey Dew's motion for summary judgment, the Superior Court judge ruled that the reopening order "directing all persons to 'remain at least six feet apart to the greatest extent possible' is aspirational. . . . Because the Court concludes that JFK Donuts' continued closure warranted HDA's termination of the franchise agreement, HDA is entitled to liquidated damages." The judge did not address the other portion of Section 2 of the reopening order, which stated that businesses must "Establish protocols to ensure that employees can practice adequate social distancing."

5

Discussion. In reviewing a grant of summary judgment, we assess the record de novo and take the facts, together with all reasonable inferences to be drawn from them, in the light most favorable to the nonmoving party. See Pugsley v. Police Dep't of Boston, 472 Mass. 367, 370-371 (2015). "The moving party bears the burden of affirmatively demonstrating the absence of a triable issue." Milliken & Co. v. Duro Textiles, LLC, 451 Mass. 547, 550 n.6 (2008). If the moving party meets its burden, to defeat summary judgment, "the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact." French King Realty Inc. v. Interstate Fire & Cas. Co., 79 Mass. App. Ct. 653, 659-660 (2011).

The applicability of the doctrines of impracticability and frustration of purpose is generally "depend[ant] on the facts and circumstances which [a]re for the jury to decide." Mishara Constr. Co. v. Transit-Mixed Concrete Corp., 365 Mass. 122, 126 (1974). However, where the material facts are not in dispute and "no rational view of the evidence" permits a finding of impracticability or frustration of purpose, summary judgment is proper. Petrell v. Shaw, 453 Mass. 377, 381 (2009), discussing negligence and citing Mullins v. Pine Manor College, 389 Mass. 47, 56 (1983).

Kennedy admits that he closed his donut shop without the prior written permission of Honey Dew and failed to make payments pursuant to their agreement. However, he asserts that his obligations were impossible to keep because of the Governor's reopening order and the inability to comply with the order's social distancing requirements. For purposes of summary judgment, we must accept Kennedy's contentions that employees would sometimes be within inches of one another while working and, because of the small dimensions of the store, it would be impossible to comply with the social distancing requirements outlined in the reopening order.

We take no issue with the judge's interpretation that the language in Section 2 of the reopening order directing all persons "should remain at least six feet apart to the greatest extent possible" was "aspirational." This view is supported by the plain language of Section 2, which uses "should" and not "shall." When used in a statute, the word "shall" generally denotes a mandatory requirement. See Sullivan v. Brookline, 435 Mass. 353, 360 (2001) ("shall" interpreted as mandatory in accord with general rule of statutory interpretation). However, this does not conclude the matter.

In his opposition, Kennedy raised the issue that he could not establish protocols to ensure employee social distancing. The reopening order instructed businesses to "Establish

protocols to ensure that employees can practice adequate social distancing."  We read this phrase as a mandate of the reopening order.  The reopening order does not define "adequate social distancing."  Whether the store could have reopened such that "employees can practice adequate social distancing" is a material dispute of fact that precludes summary judgment.

Conclusion.  The summary judgment for Honey Dew is vacated, and the case is remanded for further proceedings consistent with this memorandum and order.[3]

So ordered.

By the Court (Henry,
   D'Angelo & Hodgens, JJ.[4]),

Anne M. Thomas
Assistant Clerk

Entered:  February 15, 2024.

---

[3] Since the judgment is vacated, the judge's order for liquidated damages is also vacated, and we need not reach the issues raised in this appeal about the propriety of the damages award.
[4] The panelists are listed in order of seniority.

8